UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| SEMINOLE WALLS & CEILINGS ) | Case No. 6:01-bk-01966-KSJ |
| CORP., ) | Chapter 7 |
| ) | |
| Debtor. ) | |
| ) | |

MEMORANDUM OPINION DENYING TRUSTEE'S MOTION FOR RECONSIDERATION, FOR RELIEF FROM ORDER, OR ALTERNATIVELY TO AMEND ORDER

This case came on for hearing on May 8, 2007, to consider the Motion for Reconsideration, for Relief from Order, or Alternatively to Amend Order filed by the Chapter 7 Trustee, Carla Musselman (the "Trustee's Motion") (Doc. No. 537) and the Response thereto filed by Martin Stanonik (Doc. No. 540). The Trustee's Motion challenges a ruling by this Court in a Memorandum Opinion (Doc. No. 278, pages 34 – 37, filed in Adversary Proceeding No. 04-77) holding that either party to a settlement agreement can unilaterally rescind the agreement at anytime before the agreement is approved by the bankruptcy court. The trustee does not seek reconsideration of any other aspect of the lengthy opinion issued in this complex case.

In addressing requests to reconsider orders, made pursuant to Federal Rule of Civil Procedure 60, courts construe such requests as motions to alter or amend a judgment pursuant to Rule 59(e)[1] if the motions are filed within ten days of the trial court's entry of judgment. Here, the Motion for Reconsideration was filed within this 10-day period and shall be treated as a Motion to Alter or Amend Judgment pursuant to Rule 59(e). In re Mathis, 312 B.R. 912,

---

[1] Federal Rule of Civil Procedure 59(e) provides as follows:

  **(e) Motion to Alter or Amend Judgment.** Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.

914 (Bankr.S.D.Fla.2004) (citing Hatfield v. Board of County Commissioners, 52 F.3d 858 (10th Cir.1995); accord Mendenhall v. Goldsmith, 59 F.3d 685 (7th Cir.1995); Goodman v. Lee, 988 F.2d 619 (5th Cir.1993)).

"Reconsideration of an order under Rule 59(e) 'is an extraordinary remedy to be employed sparingly'" due to interests in finality and conservation of judicial resources. Mathis, 312 B.R. 912, 914 (citing Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D.Fla.1994); accord Taylor Woodrow Construction Corp. v. Sarasota/Manatee Airport Authority, 814 F. Supp. 1072, 1073 (M.D.Fla.1993)). The only grounds for granting a motion for reconsideration "are newly-discovered evidence or manifest errors of law or fact." In re Kellogg, 197 F.3d 1116, 1119 (11th Cir.1999). "Motions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgment was issued." Sanderlin v. Seminole Tribe of Florida, 243 F.3d 1282, 1292 (11th Cir. 2001). Rather, such motions should address only factual and legal matters that the Court may have overlooked. Glendon Energy Co. v. Borough of Glendon, 836 F.Supp. 1109, 1122 (E.D.Pa.1993).

Where Courts have granted relief under Rule 59(e), they have generally done so in order to: (1) account for an intervening change in controlling law, (2) consider newly available evidence, or (3) correct clear error or prevent manifest injustice. Mathis, 312 B.R. 912 at 914 (citations omitted). The decision whether to alter or amend a judgment pursuant to Rule 59(e) is within a trial court judge's discretion and will not be overturned absent an abuse of discretion. American Home Assurance Co. v. Glenn Estess & Assocs., 763 F.2d 1237, 1238-39 (11th Cir.1985)). In this case, the Trustee's Motion did not identify any newly available evidence or suggest any intervening change in the controlling law. Indeed, all of the cases cited by the trustee were decided prior to the date the challenged Memorandum Opinion was issued.

Rather, the trustee argues that reconsideration is appropriate because the decision constitutes clear error or would cause manifest injustice and that the Court simply missed the issue in allowing Jasgur[2] to rescind the settlement agreement he reached with the trustee.

The trustee's argument is fairly simple. She does not dispute the prior decisions of many courts concluding that settlements in bankruptcy cases are not binding on the parties until bankruptcy court approval is obtained. However, she argues that a *different* rule applies when the parties file a motion seeking bankruptcy court approval. In those cases, the trustee argues that the agreement *is* binding on the parties until the bankruptcy court rules one way or the other on whether or not the settlement is valid. The trustee cites several cases in support of this argument, some of which the Court previously cited. For example, In re Turner, 274 B.R. 675 (Bankr. W.D. Pa, 2002), In re Frye, 216 B.R. 166 (Bankr. E.D. Va. 1997) (previously cited in the Memorandum Opinion); In re Air Safety International, L.C., 326 B.R. 883 (Bankr. S.D. Fla. 2005); In re Tidewater Group, Inc., 8 B.R. 930 (Bankr. N.D. Ga. 1981) (previously cited in the Memorandum Opinion); and In re Paolino, 78 B.R. 85 (E.D. Pa. 1987) (previously cited in the Memorandum Opinion).

Certainly, a few courts have held that settlement agreements between parties are binding prior to obtaining bankruptcy court approval. Some of these decisions are based on unique nuances of state law. Some of the decisions just tangentially cite rulings from earlier courts. However, without question, some courts clearly have bound a settling party to the terms of a settlement before the bankruptcy court approved the agreement.

---

[2] Given the complex nature of this litigation, rather than repeat prior factual findings, the Court will refer to the facts and parties as contained in the prior Memorandum Opinion and will assume the reader is familiar with the decision.

However, this Court disagrees with that conclusion, for precisely the reasons it stated in the Memorandum Opinion. The same rule should apply to the approval of all settlement agreements, regardless of whether a motion seeking approval is filed. No special rule is needed in those cases where the parties move for timely approval. Indeed, adopting the trustee's argument could cause anomalous results where a settlement is binding between the parties prior to court approval but then becomes later unenforceable if the bankruptcy court declines to approve the settlement. The better, but debatable, rule is that a settlement agreement simply is neither binding nor enforceable until the bankruptcy court approves the agreement.

The trustee argues that this result will cause parties to seek expedited hearings on compromise motions in order to insure the agreements are binding, and she may be right. Perhaps parties may want to seek quicker hearings on settlement approvals in some circumstances, for example, to confirm the terms of a deposit or to establish bidding procedures for a sale; however, in most cases expedited hearings likely will not be needed. But, for those cases where an expedited hearing is merited, courts can accommodate the requests and, indeed, providing faster hearings on settlement agreements helps to promote the overarching public policy that settlements are favored in our judicial system.

The Trustee's Motion merely raises the fact that some courts disagree with the conclusion reached by this Court. Of course they do, as referenced in the Memorandum Opinion. To date, no binding precedent exists on the issue of whether one party to a settlement agreement can rescind the agreement prior to approval by the bankruptcy court. The issue certainly is subject to debate and is appropriately an appellate issue; however, the fact that lower courts disagree does not establish any type of clear error or manifest injustice that would convince this Court to change the prior ruling. For the reasons stated previously, Jasgur can unilateral rescind the

settlement agreement with the trustee. The Trustee's Motion (Doc. No. 537) is denied. A separate order consistent with this ruling shall be entered.

      DONE AND ORDERED in Orlando, Florida, on May 23, 2007.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

Debtor: Seminole Walls & Ceilings Corp., 333 E. Landstreet Road, Orlando, FL 32824

United States Trustee, 135 West Central Blvd., Suite 620, Orlando, FL 32801

Elizabeth A. Green, Esquire, 390 N. Orange Avenue, Suite 600, Orlando, FL 32801

Frank M. Wolff, Wolff, Hill, McFarlin & Herron, PA, 1851 W. Colonial Drive, Orlando, FL 32804

Roy S. Kobert, Esquire, 390 N. Orange Avenue, Suite 1100, Orlando, FL 32801

Tucker Byrd, Esquire, 450 S. Orange Avenue, Suite 650, Orlando, FL 32801-3311

Carla Musselman, 1619 Druid Road, Maitland, FL 32751

Bradley M. Saxton, Winderweedle, Haines, Ward & Woodman, PA, P.O. Box 1391, Orlando, FL 32802-1391